[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
FILED 182
Mr. James R. Boillot, Director Missouri Department of Agriculture Jefferson State Office Building Jefferson City, Missouri 65101
Dear Mr. Boillot:
This is in response to your request for an official opinion from this office which poses the following questions:
 "A. Does Chapter 281, RSMo Supplement 1975, or any other Missouri law:
 1. a. Provide for and list the acts which constitute grounds for denying, suspending and revoking certification of applicators?
 b. Allow for assessing criminal and/or civil penalties?
 c. Provide for misuse of a pesticide and falsification of any records required to be maintained by a certified applicator as grounds for denying, suspending and revoking certification of applicators, and for assessing criminal and/or civil penalties?
 2. Provide for reviewing an applicator's certification to determine whether suspension or revocation of the certification is appropriate in event of criminal conviction under section 14(b) of the amended FIFRA, or a final order imposing civil penalty under section 14(a) of the amended FIFRA, or a conclusion of a state enforcement action in Chapter 281, RSMo, or any other Missouri law?
 3. Provide for right-of-entry by consent or warrant by appropriate state officials at reasonable times for sampling, inspection and observation purposes?
 4. Make it unlawful for persons other than certified applicators or persons working under their direct supervision to use restricted use pesticides?
 5. Require certified applicators to keep and maintain for the period of at least two years, routine operational records containing information on kinds, amounts, uses, dates and places of application of restricted use pesticides; and for insuring that such records will be available to appropriate state officials?
 "B. Would proposed legislation as shown in Senate Bill No. 847 (copy attached) if passed by the State of Missouri General Assembly give the Missouri Department of Agriculture legal authority to carry out the applicator certification program in conformity with 40 CFR 171.7(b)(1) (iii)?"
Your questions involve construction of the "Missouri Pesticide Act of 1974", Sections 281.010 to 281.115, RSMo Supp. 1975, and the "Missouri Economic Poison Law", Sections 263.270 through263.380, RSMo 1969.
Subparts a and c of your first question ask whether Missouri law provides for and lists the acts which constitute grounds for denying, suspending and revoking certification of pesticide applicators and in particular whether the misuse of a pesticide and falsification of any records required to be maintained by a certified applicator are specified as grounds for denying, suspending and revoking certification of applicators. Section 281.060
deals with denying, suspending and revoking the certification of pesticide applicators. That section provides as follows.
 "The director, after inquiry, and after opportunity for a hearing, may deny, suspend, revoke, or modify the provisions of any license, permit, or certification issued under sections 281.010 to 281.115, if he finds that the applicant or the holder of a license, permit, or certification has violated any provision of sections 281.010 to 281.115, or any regulation issued thereunder."
It is clear that the only grounds upon which the license or certification of a pesticide applicator can be denied, suspended or revoked under provisions of this section are violations of any provision of the Missouri Pesticide Act or any regulation issued thereunder. The only other ground for revoking any license is set out in Section 281.065.3, which provides as follows:
 "If the surety furnished becomes unsatisfactory, the applicant shall, upon notice, immediately execute a new bond or insurance and if he fails to do so, the director shall cancel his license and give him notice of cancellation, and it shall be unlawful thereafter for such person to engage in the business of applying pesticides until the bond or insurance is brought into compliance with the requirements of subsection 1 of this section and his license is reinstated by the director."
This section covers only certified commercial applicator licenses. No section of the Missouri Pesticide Act specifies misuse of a pesticide and falsification of any records required to be maintained by a pesticide applicator as grounds for denying, suspending, or revoking any license or certification. In addition, the rules and regulations issued pursuant to Chapter 281, now codified as 2 CSR 70-25.010 to 2 CSR 70-25.220, do not include such grounds.
Subpart b of your first question asks whether Chapter 281 or other Missouri law allow assessment of criminal and/or civil penalties and whether misuse of pesticides and falsification of any records required to be maintained by a certified applicator would be grounds for criminal and/or civil penalties. Section 281.105 is the only section of Missouri law which concerns criminal penalties for violations of the Missouri Pesticide Act. This section provides as follows:
 "The violation of section 281.035, subsections 1 and 7, section 261.050, subsections 1 and 5, is a misdemeanor and, upon conviction, shall be punished as provided by law."
Section 281.035, subsections 1 and 7 provide as follows:
 "1. No person shall engage in the business of applying pesticides to the lands of another at any time without a certified commercial applicator's license issued by the director, except as provided in section 281.040. The director shall require an annual fee of twenty-five dollars for each certified commercial applicator's license issued. Any employee of any person engaged in the business of applying pesticides to the lands of another at any time, such employee not being licensed as a certified commercial applicator, may apply pesticides only when directly supervised by a person who is licensed as a certified commercial applicator.
* * *
 "7. A person engaged in the business of applying pesticides to the lands of another, or his employee, who is the sole certified commercial applicator for that business, and who is not available for direct supervision of other noncertified employees by reason of death, illness, incapacity or absence, is authorized to continue business operations without the direct supervision of a certified commercial applicator for a period not to exceed thirty days."
Section 281.050, subsections 1 and 5 provide as follows:
 "1. No person shall act in the capacity of a pesticide dealer or shall engage in the business of advertise as or assume to act as a pesticide dealer unless he has obtained a license from the director which shall expire one year from date of issuance. A license shall be required for each location or outlet from which such pesticides are distributed. sold, held for sale, or offered for sale. Pesticide dealers may be designated by the director as agents of the state for the purpose of issuing permits for restricted use pesticides to private applicators.
* * *
 "5. No pesticide dealer shall sell, give away or otherwise make available any restricted use pesticides to anyone but certified commercial or private applicators or to other pesticide dealers."
It is clear from the above two sections of the Missouri Pesticide Act that misuse of pesticides and falsification of any records required to be maintained by a certified pesticide applicator are not shown as grounds for criminal penalties. There is no section in the Missouri Pesticide Act which provides for civil penalties. The only civil actions set forth by the Act are denial, suspension and revocation of license or certification as discussed above and Section 281.090 which allows stop sale orders to be issued as follows:
 "When the director or his authorized agent has probable cause to believe a pesticide is being distributed in violation of any of the provisions of sections 281.010 to 281.115, or of any of the prescribed regulations under sections 281.010 to 281.115, he may issue and serve a written `stop sale use or removal order' upon the owner or custodian of that pesticide. The pesticide shall not be sold, used or removed until the provisions of sections 281.010 to 281.115 have been complied with and the pesticide has been released in writing by the director or the violation has been otherwise disposed of as provided in sections 281.010 to 281.115 by a court of competent jurisdiction."
Your second question asks whether Chapter 281 or other Missouri statutes provide for reviewing a pesticide applicator's certification to determine whether suspension or revocation of that certification is appropriate in event of criminal conviction under Section 14(b) of the amended Federal Insecticide. Fungicide and Rodenticide Act (FIFRA), or a final order imposing civil penalty under Section 14(a) of the amended FIFRA, or a conclusion of a state enforcement action in Chapter 281, or any other Missouri law. There is currently no provision in Chapter 281 or other Missouri statutes which provides for reviewing an applicator's certification to determine whether suspension or revocation is appropriate in the event of criminal conviction or civil penalty under the amended FIFRA or upon conclusion of a state enforcement action.
Your third question asks whether Chapter 281 or other Missouri statutes provide for a right of entry by an appropriate state official at reasonable times for sampling, inspection and observation purposes. Chapter 281 provides no right of entry for state officials or employees. However, Section 263.315, RSMo 1969, which is a portion of Missouri Economic Poison Law, provides for a right of entry as follows:
 "For the purpose of carrying out the provisions and the requirements of sections 263.270 to 263.380, and the rules and regulations made and notices given pursuant thereto, the commissioner or his authorized agents, inspectors, or employees may enter into or upon any place during reasonable business hours and to open any bundle, package or other container containing or believed to contain an economic poison."
Economic poison is defined in Section 263.270(5) as follows:
 "The term `economic poison' means any substance or mixture of substances intended for preventing, destroying, repelling, or mitigating any insects, rodents, fungi, weeds, or other forms of plant or animal life or viruses, except viruses on or in living man or other animals, which the commissioner, after a hearing, shall declare to be a pest;"
The definition of pesticide in Section 281.020(16) is as follows:
 (a) Any substance or mixture of substances intended for preventing, destroying, repelling, or mitigating any pest or
 (b) Any substance or mixture of substances intended for use as a plant regulator, defoliant, or desiccant;"
The definition of pest in Section 281.020(15) is as follows:
 "(a) Any insect, snail, slug, rodent, nematode, fungus, weeds, or
 "(b) Any other form of terrestrial or aquatic plant or animal life or virus, bacteria, or other micro-organism, except viruses, bacteria, or other micro-organisms on or in living man or other living animals, which is normally considered to be a pest:"
When the definitions pesticide and pest in Chapter 281 are read together, it is clear that pesticide under the Missouri Pesticide Act of 1974 is the equivalent of the term economic poison contained in the Missouri Economic Poisons Law. Thus, the right of entry in Section 263.315 may be used by Missouri officials in the administration of the Missouri Pesticide Act. Thus, it must be concluded that the right of entry includes no more than what is specifically allowed in Section 263.315.
Your fourth question asks whether the Missouri Pesticide Act or any other statute makes it unlawful for persons other than certified applicators or persons working under their direct supervision to use restricted use pesticides. Several sections of Chapter 281 are relevant to this question. See Section 281.035.1 and .7 quoted above. Section 281.040 which is referred to in the above section provides as follows:
 "1. No private applicator shall use any restricted use pesticide unless he first complies with the certification requirements determined pursuant to subsection 2 or 4 of this section, as necessary to prevent unreasonable adverse effects on the environment, including injury to the applicator or other persons, for that specific pesticide use.
 "2. The private applicator shall qualify for a certified private applicator's license by attending a course of instruction provided by the director on the use, handling storage and application of restricted use pesticides. The content of the instruction shall be determined and revised as necessary by the director. Upon completion of the course, the director shall issue a certified private applicator's license to the applicant. The director shall not collect a fee for the issuance of such license.
 "3. If the director does not qualify the private applicator under this section he shall inform the applicant in writing of the reasons therefor.
 "4. The private applicator may at his own option elect to verify by his signature on a register provided therefor that he understands all the information contained on the label of the pesticide that he intends to purchase. Upon obtaining such verification by signature, the director or his designated agent shall issue a permit for the use of that pesticide only. The director or his, designated agent shall not collect a fee for the issuance of such permit.
 "5. A certified private applicator's license shall expire two years from date of issuance and may then be renewed without charge or additional fee."
Section 281.045 provides as follows:
 "1. All agencies of the state of Missouri and the political subdivisions thereof, and any other governmental agency shall be subject to the provisions of sections 281.010 to 281.115 and rules adopted thereunder concerning the application of restricted use pesticides.
 "2. Public operators for agencies listed in subsection 1 of this section shall be subject to examination as provided by subsection 3 of section 281.035 The director shall issue a limited license without a fee to such public operator who has so qualified. The public operator license shall be valid only when the operator is acting as an operator applying or supervising application of pesticides in the course of his employment.
 "3. Such agencies shall be subject to legal recourse by any person damaged by such application of any pesticide, and such action may be brought in the county where the damage or any part thereof occurred."
Person as used above is defined in Section 281.020(14) as follows:
 "`Person', any individual, partnership, association, fiduciary, corporation, or any organized group of persons whether incorporated or not,"
Private applicator as used above is defined in Section 281.020
(2)c as follows:
 "`Private applicator', any person not holding a certified private applicator's license who shall be required to obtain a permit for the use of any restricted use pesticide for the purposes of producing any agricultural commodity on property owned or rented by him or his employer or, if applied without compensation other than trading of personal services between producers of agricultural commodities, on the property of another person;"
Public operator as used above is defined in Section 281.020(2) (b) as follows:
 "`Public operator', any individual who applies pesticides as an employee of any agency of the state of Missouri and any political subdivision thereof, and any other governmental agency. This term does not include employees who work only under the direct supervision of a certified public operator."
As is clear from the above sections, certain individuals other than certified applicators or persons working under their direct supervision may use restricted use pesticides. These include the persons set out in Section 281.035.7, private applicators who verify that they understand all information contained on a pesticide label under Section 281.040.4, and public operators in Section 281.045.
Your fifth question asks whether Chapter 281 or other Missouri law requires certified applicators to keep or maintain for a period of at least two years routine operational records containing information on kinds, amounts, uses, dates and places of application in restricted use pesticides; and for insuring that such records will be available to appropriate state officials. Section 281.035.6 provides as follows:
 "6. The director shall require certified commercial applicators to maintain records
with respect to applications of restricted use pesticides. Such relevant information as the director may deem necessary may be specified by regulation. Such records shall be kept for a period of three years from the date of the application of the pesticide to which such records refer, and the director shall upon request in writing, be furnished with a copy of such records by any certified commercial applicator." (Emphasis added)
2 CSR 70-25.120 provides as follows:
 "Contents of Records Maintained by Commercial Applicators and Public Operators.
 PURPOSE: The purpose of this rule is to set forth the contents of records to be maintained by certified commercial applicators and public operators. This rule is necessary to provide all the necessary information on particular pesticide treatments in the event a commercial applicator or operator is charged with misuse of a pesticide or possible other charges, either by the director, other regulatory agencies, or by a client.
 (1) Commercial applicators and public operators shall keep and maintain routine office records relative to the use and application of restricted use pesticides. Such office records shall be kept for a period of three years, and shall be kept in a neat and legible condition.
* * *
 (3) Such office records shall contain the following information:
 (A) A routine description of the job, including but not limited to:
1. The name and address of the customer.
 2. The address or location of the application site or structure.
 3. The target pest or pests to be controlled or prevented.
4. The kind of pesticide applied.
 5. The amount of pesticide used per job or per site expressed in reasonable and understandable terms normally used in the industry.
 6. The date of the application of the pesticide to which the records pertain.
It is clear from the above that certified applicators are required to keep and maintain for a period of three years routine operational records which contain information concerning the kinds amounts, uses, dates and places of application in restricted use pesticides. And it is also clear that these records are available to the state upon written request of the Director. Since Section 281.035.6 provides specifically for production of the records upon a request in writing, only those requests are valid.
Your sixth question asks whether proposed Senate Bill No. 847 if passed by the General Assembly of the State of Missouri, would give the Missouri Department of Agriculture legal authority to carry out the applicator certification program in conformity with 40 CFR 171.7(b)(1)(iii). Since this question involves rendering an opinion concerning prospective legislation, legislation which could be amended if introduced in the next legislative session, this office declines to answer this question.
Very truly yours,
 JOHN C. DANFORTH Attorney General